**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION**

**JOSEPH WOODARD,** *individually,
and on behalf of himself and other
similarly situated current and former
employees,*

    Plaintiff,

      v.

**US FOODS, INC.,**
*a Delaware Corporation,*

    Defendant.

NO. _____

FLSA Opt-In Collective Action
**JURY TRIAL DEMAND**

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Joseph Woodard ("Plaintiff"), individually, and on behalf of himself and all other similarly situated current and former delivery drivers of US Foods, Inc. ("Defendant") brings this collective action against Defendant and alleges as follows:

### I. INTRODUCTION

1. This lawsuit is brought against Defendant as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated current and former delivery drivers of Defendant, as defined herein.

2. At all times material to this Collective Action, Plaintiff and those similarly situated worked for Defendant as delivery drivers, and were not compensated for hours worked over forty (40) per week within weekly pay periods at the applicable FLSA overtime rates of pay during the relevant statutory period.

## II. JURISDICTION AND VENUE

3. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by Defendant in this district and performed work for Defendant in this district at all times relevant to this action. Moreover, Defendant regularly conducted and continues to conduct business in this district, and has engaged, and continues to engage, in FLSA violations alleged herein in this district during all material times in this cause.

## III. CLASS DESCRIPTIONS

5. Plaintiff, pursuant to 29 U.S.C § 216 (b) of the FLSA, brings this action on behalf of himself and the following similarly situated class of employees who worked for Defendant on a weekly basis as delivery drivers, as follows:

> All current and former employees of Defendant who worked as delivery drivers anywhere in the United states and who were not compensated at a rate of one and one-half times their regular hourly rate of pay for all hour worked over forty (40) within weekly pay periods during the applicable limitation's period covered by this Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are the Named Plaintiffs and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "class members").[1]

---

[1] Plaintiff reserves the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

## IV. PARTIES

6. Plaintiff was employed by Defendant as a delivery driver within this district during the applicable statutory limitations' period. Plaintiff Woodard's Consent to Join this Collective Action is attached hereto as *Exhibit A*.

7. Defendant US Foods, Inc. is a Delaware corporation with its principal office located at 9399 W. Higgins Road, Building 100, Rosemont, Illinois 60018-4910 and has been Plaintiff Woodard's "employer" as that term is defined under the FLSA during all times material to this action. Defendant US Foods, Inc., can be served process through its registered agent: Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312.

## V. ALLEGATIONS

10. Defendant US Foods, Inc. distributes food and related items to more than 250,000 customers across the United States with approximately $24 billion in annual sales.

11. Defendant has a mixture of larger trucks and smaller vehicles in which it transports food and related products to customers within and outside the State of Tennessee. This fleet consists of tractor/trailer trucks with a gross vehicle weight rating ("GVWR") in excess of five (5) tons and smaller vehicles with a GVWR of less than five (5) tons. All employees classified as delivery drivers of Defendant are trained and expected to drive, and do routinely drive, both tractor/trailer trucks and smaller vehicles to customers from and to the State of Tennessee in the transportation of food and related items.

8. Plaintiff and similarly situated delivery drivers routinely worked in excess of forty (40) hours per week within weekly pay periods during all times material to this collective action.

9. However, Plaintiff and similarly situated delivery drivers were only paid a "day-rate" for all hours worked per day within weekly pay periods during all times material to this action, whether such hours included hours in excess of forty (40) per week or not.

10. Since Plaintiff and similarly situated delivery drivers were expected to drive smaller vehicles as part of their job duties, and did drive such smaller vehicles, with a GVWR less than five (5) tons in the transportation of Defendant's food and related items that affected interstate commerce, within weekly pay periods during all times material, they were not exempt from the payment of overtime compensation for all hours worked in excess of forty (40) per week at the applicable FLSA overtime rate of pay during the relevant statutory period herein.

11. Therefore, Plaintiff and similarly situated delivery drivers are entitled to receive from Defendant unpaid compensation for all hours worked in excess of forty (40) hours per week at one and one-half times their regular hourly rate of pay within weekly pay periods during the relevant statutory limitations' period to this action.

12. The unpaid overtime claims of Plaintiff and other similarly situated delivery drivers are unified through a common theory of Defendant's FLSA violations.

13. Defendant has been the "employer" of the Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times relevant to this Original Collective Action Complaint.

14. Defendant employed Plaintiff and those similarly situated and was responsible for establishing and administering pay policies and practices, including pay classifications and overtime pay rates during all times relevant to this Collective Action.

15. Plaintiff and those similarly situated have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this lawsuit during all times material to this Original Collective Action Complaint.

16. Defendant has been an enterprise engaged in commerce and in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 during all times material to this Collective Action.

17. At all times material to this action, Defendant has been subject to the pay requirements of the FLSA because it is an enterprise in interstate commerce and in the production of goods in interstate commerce, and their employees have been engaged in interstate commerce.

18. Defendant failed to record all hours worked (including overtime hours worked) of Plaintiff and similarly situated delivery drivers and thus failed to keep proper time and payroll records as required by the FLSA.

19. Defendant is unable to bear their burden of showing Plaintiff and similarly situated delivery drivers have been within any of the FLSA overtime exemptions.

20. Defendant's failure to pay Plaintiff and similarly situated delivery drivers all overtime compensation due them, as required by the FLSA, was willful and with reckless disregard of the FLSA overtime compensation requirements.

21. Defendant's failure to pay Plaintiff and similarly situated delivery drivers all overtime compensation due them, as required by the FLSA, was not on a good faith basis.

22. The net effect of Defendant's aforementioned common plan, policy, and practice of failing to pay them for all hours worked in excess of forty (40) per week at the applicable FLSA overtime compensation rate of pay, was a scheme to save on payroll costs and payroll taxes

5

Case 3:20-cv-00452-CLC-DCP   Document 1   Filed 10/26/20   Page 5 of 10   PageID #: 5

for which Defendant has enjoyed ill gained profits at the expense of Plaintiff and those similarly situated.

23. Although at this stage Plaintiff is unable to state the exact amount owed to him and to similarly situated delivery drivers, he believes such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI. COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff brings this action on behalf of himself and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

25. Plaintiff's claims under the FLSA may be pursued by those who opt-in to this cause of action under 29 U.S.C. § 216(b).

26. The members of the class are so numerous that joinder of all other members of the respective classes is impracticable. While the exact number of the members of the class is unknown to Plaintiff at this time, and can only be ascertained through applicable discovery, Plaintiff believes there are several hundred individuals in the putative class.

27. Plaintiff and class members are similarly situated in that Defendant had a common plan, policy and practice of depriving them of one and one-half times their regular hourly rate of pay for all hours worked over forty (40) per week within weekly pay period during all times material to this collective action.

28. The unpaid overtime claims of the class are united through a common theory of Defendant's FLSA statutory violations.

29. Common questions of law and fact exist as to the respective classes which predominate over any questions only affecting other members of the classes individually and include, but are not limited to, the following:

- Whether Plaintiff and other members of the class were paid for all hours worked within weekly pay periods during all times material.

- Whether Defendant failed to pay Plaintiff and class members all the overtime compensation due to them for all the hours worked in excess of forty (40) hours per week within weekly pay period during all times relevant;

- The correct statutes of limitations for the claims of Plaintiff and members of the class;

- Whether Plaintiff and members of the class are entitled to damages, including, but not limited to liquidated damages, and the measure of the damages; and

- Whether Defendant is liable to Plaintiff and class members for interest, attorneys' interest, fees, and costs.

30. Plaintiff will fairly and adequately protect the interests of the class as his interests are aligned with those of the members of the class. Plaintiff has no interests adverse to the respective class members, and Plaintiff has retained competent counsel who are experienced in collective action litigation.

31. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of this controversy. The expenses, costs, and burden of litigation suffered by individual members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for the members of the class to individually seek address for the wrongs done to them.

32. Plaintiff and class members have suffered, and will continue to suffer, irreparable damage from the unlawful policies, practices, and procedures implemented by Defendant.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME

33. Plaintiff, on behalf of himself, individually, and on behalf of himself and other members of the delivery driver class, repeats and re-alleges Paragraphs 1 through 32 above as if they were set forth herein.

34. At all times relevant herein, Defendant has been an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

35. At all times relevant herein, Defendant employed Plaintiff and class members as "employees" within the meaning of the FLSA.

36. Defendant had a common plan, policy, and practice of willfully failing to pay Plaintiff and class members the applicable FLSA overtime rates of pay (at not less than one and one-half times their regular hourly rate of pay) for all hours worked over forty (40) per week within weekly pay periods during all times relevant, as previously described.

37. At all times relevant herein, Defendant has had actual knowledge of failing to pay Plaintiff and class members fully for all hours worked in excess of forty (40) per week at the applicable FLSA overtime rates of pay.

38. The unpaid overtime claims of Plaintiff and class members are unified through a common theory of Defendant's FLSA Violations.

39. Defendant acted willfully, and without a good faith basis, in is failure to pay Plaintiff and class members overtime compensation for all hours worked over forty (40) per week within applicable weekly pay periods during all times relevant to this action.

40. As a result of Defendant's willful failure to compensate Plaintiff and class members fully at the applicable overtime rates of pay for all hours worked in excess of forty (40) within

8

Case 3:20-cv-00452-CLC-DCP   Document 1   Filed 10/26/20   Page 8 of 10   PageID #: 8

applicable weekly pay periods, it has violated (and continues to violate) the FLSA, 29 U.S.C. § 255(a).

41. Due to Defendant's willful FLSA violations and lack of a good faith basis, as described above, Plaintiff and class members are entitled, and hereby seek, to recover from Defendant compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREAS, Plaintiff, individually, and on behalf of himself and all other similarly situated members of the putative class, request this Court to grant the following relief against Defendant:

A. Designation of this cause as a collective action on behalf of the putative class and promptly issue notice pursuant to 29 U.S.C. § 216(a), apprising respective class members of the pendency of this action and permitting other members of the respective classes to assert timely FLSA claims in this action by filing individual consents under 29 U.S.C. § 216(b);

B. On Count I, an award of compensation for unpaid overtime hours to Plaintiff and members the class.

C. On Count I, an award of liquidated damages to Plaintiff and members of the class;

D. On Count I, an award of prejudgment and post-judgment interest (to the extent liquidated damages are not awarded) at the applicable legal rate to Plaintiff and members of the class;

E. On Count I, an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the class;

F. On Count I, a ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

G. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **TRIAL BY JURY** on all issues so triable.

Dated: October 26, 2020.    Respectfully Submitted,

*/s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #08323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Nathaniel A. Bishop (TN BPR #35944)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*

*Attorneys for Named Plaintiff, on behalf of himself and all other similarly situated current and former employees*

10

Case 3:20-cv-00452-CLC-DCP   Document 1   Filed 10/26/20   Page 10 of 10   PageID #: 10